UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DEBORAH LAUFER, Individually, | : |
| | : |
| Plaintiffs, | : |
| | : Case No. 6:20-CV-00389-ADA-JCM |
| V. | : |
| | : |
| BSJ LAXMI LLC, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS**

TO THE HONORABLE JUDGE MANSKE:

    Comes now Defendant BSJ Laxmi LLC, and files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Brief in Support thereof and respectfully shows the Court as follows:

**I. SUMMARY**

    1.0    This lawsuit is one of 504 cases filed nationally by Ms. Laufer, 25 of which are pending in the Western District of Texas. She has filed these lawsuits around the country generally alleging that an entity operating a hotel has violated the Americans with Disabilities Act ("ADA") via an allegedly non-compliant online reservation system. Attached as Exhibit C is a summary from PACER of the cases filed by Deborah Laufer, and the districts in which they were filed. This summary was created from information taken off PACER. The Court may take judicial notice of the contents of the PACER system. *See* FED.R.EVID Rule 201(b)(2). Attached as Exhibit D is a summary of those same cases, grouped by court. This information was also taken from PACER.

Plaintiff has effectively created a puppy mill for ADA lawsuits.  In this case, she actually complains about Expedia, Hotels.com, Orbitz, Priceline and Agonda's websites, not Defendant's website. In fact,  Defendant does not have a website. There is no allegation that Defendant's facility is not compliant with the ADA.  In some of the cases, after filing the lawsuit, Ms. Laufer's lawyers contacted defendants and offered to settle for a $5,000 payment of costs and legal fees to Ms. Laufer's attorneys. The demand is priced so that paying legal fees to fight the lawsuit in federal court is not economically viable.  A review of  PACER records show that some of the cases have settled on that basis. See Exhibit C.

1.1 Missing from the Complaint, however, is any concrete allegation of standing by Ms. Laufer. By her own admission, the Plaintiff is a resident of Pasco County, Florida. Defendant operates a Regency Inn in Fairfield, Texas, a town of less than 3000 people in rural East Texas. Plaintiff does not allege that she has ever traveled to Fairfield, has any reason to travel to Fairfield, or ever intends in the future to travel to Fairfield. Accordingly, she does not allege a sufficiently concrete injury to support constitutional standing. And, importantly, given that she has filed 504 lawsuits, it is hard to imagine that a single lawsuit could be the source of an actual injury.

1.2 Courts around the country have  started to catch onto this scheme and have begun issuing *sua sponte* orders requiring that Ms. Laufer and her attorneys file briefs to prove that she has actual standing to purse an ADA claim against a hotel that she never intended to visit. For example, in the Northern District of New York, Judge Sannes issued an order dated May 7, 2020. In this district, this Court issued a similar order on May 19, 2020 for the Waco Division.

1.3 Defendant in this case moves for the Court to dismiss this case pursuant to Rule 12(b)(1).

**FACTUAL BACKGROUND**

2.0    According to PACER, Ms. Laufer has filed 504 lawsuits around the country generally alleging that an entity operating a hotel has violated the ADA. In this case, Ms. Laufer alleges a non-compliant online reservation system. Rather than complaining about Defendant's website (it doesn't have one); she complains that Expedia, Hotels.com, Orbitz, Priceline and Agoda's websites (the "Websites") do not "comply" with the ADA. She does not really specify what the Websites failed to allow her to do.

2.1    Ms. Laufer only alleges standing as a "tester." *Second Amended Complaint* at paragraph 2 she claims that she went to the third-party Websites on May 3 or 4 of 2020, and will revisit them in the future, thus causing her "harm." *Second Amended Complaint* at paragraphs 10-11. Ms. Laufer is a resident of Pasco County, Florida. Defendant operates a Regency Inn in Fairfield, Texas. Plaintiff does not allege that she has ever traveled to Fairfield. Plaintiff does not allege that she has any reason to travel to Fairfield. Plaintiff does not allege that she ever intends in the future to travel to Fairfield. And, it isn't plausible that she will visit or plans to visit the Defendant and the other 503 hotels she has sued.

2.2    In response to Ms. Laufer and her attorneys' numerous lawsuits, courts have begun issuing *sua sponte* orders regarding subject- matter jurisdiction and standing. For example, in the Northern District of New York, Judge Sannes issued an order dated May 7, 2020, noting that "Plaintiff has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *See* <u>Exhibit A</u> (Order dated May 7, 2020). Judge Sannes found that "[t] here appears to be a serious question as to whether Plaintiff has established standing, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *See, e.g.*, *Laufer*

Case 6:20-cv-00389-ADA-JCM Document 17 Filed 10/08/20 Page 4 of 7

*v. Laxmi & Sons, LLC*, 1:19-cv-01501 (BKS/ML) (Dkt. No. 15, at 7, May 6, 2020) ("There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in new York.") <u>Exhibit A</u> at 2. Judge Sannes then ordered that "before taking any further action in this, or any other of Plaintiff's cases, the Court orders Plaintiff to submit a brief in <u>each of the actions listed in Exhibit A</u>, explaining why the complaint should not be dismissed for lack of subject matter jurisdiction." *Id.*

  2.3  This Court issued a similar order on May 19, 2020. *See* <u>Exhibit B</u> (Order dated May 19, 2020). "U.S. District Judge Brenda K. Sannes entered an order requiring Plaintiff to submit a brief in each of the 29 New York actions explaining why the complaint should not be dismissed for lack of subject matter jurisdiction. The Court is of the opinion that a similar course of action is warranted with respect to Plaintiff's cases pending before the Waco Division." *Id.* at 2.

## ARGUMENT & AUTHORITIES

  3.0  Defendant moves to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) based on a lack of Article III standing. The Court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass's of Miss.,* Inc. V. City of Madison, Miss., 143 F. 3d 1006, 1010 (5th Cir. 1998). A motion to dismiss for lack of Article III standing is properly considered under Rule 12 (b)(1). *Harold H. Huggins Realty, Inc. V. FNC, Inc.*, 634 F .3d 787, 795 n.2 (5th Cir. 2011). A motion to dismiss for lack of jurisdiction under 12(b)(1) may be decided on: (1) the complaint alone; (2) the complaint supplemented by undisputed evidence in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F. 3d

**DEFENDANT'S RULE MOTION TO DISMISS/LAUFER-LAXMI-1026.1**
**4**

326, 334 (5th Cir. 2009). Unlike a 12(b)(6) motion, the district court is empowered to consider matters outside the Complaint and matters of fact that may be in dispute. *Ramming v. United States*, 281 F .3d 158, 161 (5th Cir. 2011). The party asserting jurisdiction--Plaintiff– bears the burden of proving that jurisdiction exists. *Id.*

      3.1     Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 51 U.S. 375, 377 (1994). The standing doctrine concerns who may properly bring a suit in a federal court; the "irreducible constitutional minimum" of such standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). These elements are: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury. *Croft v. Gov of Tex.*, 562 F .3d 735, 745 (5th Cir. 2009) (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these three elements." *Spokeo, Inc. V. Robins*, 136 S. Ct. 1540, 1547 (2016). Specifically, as stated by this Court, "[t]he injury must be actual or imminent, not conjectural or hypothetical." <u>Exhibit B</u> at 2 (citing *McCall v. Dretke*, 390 F .3d 358, 361 (5th Cir. 2004)).

      3.2     Echoing both Judge Sannes and this Court's Orders, nothing in the complaint alleges any past, current or future connection with traveling through or to Fairfield, such that she might actually need an ADA compliant room at Defendant Regency Inn. "Plaintiff seems to rely on her seemingly self-conferred status as a 'tester' as a means of claiming standing." <u>Exhibit B</u> at 2. While some courts in the Western District have found "tester" plaintiffs can have standing in the ADA context, see, e.g. *Betancourt v. Ingram Park Mall, L.P.*, 735 F. Supp 2d 587 (W.D. Tex. 2010), most courts evaluate whether future injury is probable by determining whether the plaintiff is likely to

**DEFENDANT'S RULE MOTION TO DISMISS/LAUFER-LAXMI-1026.1**
5

return to the defendant's business. *Deutsch v. Abijaoude,* No. A-15-CV-975 LY, 2017 WL 913813, at *2 (W.D Tex. Mar. 7 2017); *see also* Exhibit B at 3. When analyzing a plaintiff's likelihood of return, courts usually consider:

(1)  the proximity of the defendants's business to the plaintiff's residence;
(2)  the plaintiff's past patronage of the defendant's business;
(3)  the definiteness of the plaintiff's plans to return; and
(4)  the plaintiff's frequency of travel near the defendant

*Id*. at *2-3; *also* Exhibit B at 3. Plaintiff has alleged no facts to support any of these factors. And establishing these factors is the Plaintiff's burden. *Ramming,* 281 F.3d at 161. Accordingly, Defendant moves to dismiss this lawsuit for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) because Plaintiff has failed to demonstrate her Article III standing.

      3.2      In addition, Plaintiff has failed to allege a concrete, actual injury caused by Defendant. The Defendant has a special burden here because she has filed 504 cases nationwide, and 25 in the Western District of Texas alone. Given the unprecedented number of cases that she has filed, it is difficult to see how any single defendant's act actually caused an actual, concrete injury. And there are no facts alleged that Defendant's actions caused an injury, that is distinguishable from the alleged acts of one of the other 503 defendants. *See Croft*, 552 F.3d at 745. In other words, the volume of cases filed by the Plaintiff actually negates the ability of Plaintiff to claim that any single case caused an actual, concrete injury, or that there is a causal connection between the injury she claims to have sustained and the conduct of any single defendant, including the Defendant in this case. Plaintiff's claims should be dismissed.

## CONCLUSION & PRAYER

      For the foregoing reason, Defendant respectfully requests that the Court grant its Motion to

Dismiss and dismiss Plaintiff's Second Amended Complaint. Defendant also request all further relief, in law or in equity, to which it may show itself to be justly entitled, including a reasonable award of attorneys' fees and costs.

          Respectfully submitted,

          Jacobson Law Firm, P.C.
          733 West Second Avenue
          Corsicana, Texas 75110
          (903) 874-7117
          Fax: (903) 874-7321
          terry@terryjacobsonlaw.com

By:     /s/ Terry Jacobson
       Terry Jacobson
       State Bar No. 10528000

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on counsel of record this 8th day of October, 2020

          /s/ Terry Jacobson
          Terry Jacobson