Case 6:20-cv-00382-ADA-JCM Document 17 Filed 07/13/20 Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DEBORAH LAUFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 6:20-CV-00382-ADA-JCM |
| | § | |
| ROHINI INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER

Came for consideration the status of this cause. On May 13, 2020, Plaintiff initiated this suit, generally alleging that Defendant, an entity operating a hotel, had violated the Americans with Disabilities Act ("ADA") via an allegedly non-compliant online reservation system. *See generally* Pl.'s Compl., ECF No. 1. Beginning on May 13, 2020 and continuing through May 14, 2020, Plaintiff initiated nine other suits in the Waco Division of the Western District; each of these suits makes nearly identical allegations against other Defendants.[1]

Further, it appears that Plaintiff has brought twenty-nine (29) nearly identical suits against various Defendants in the Norther District of New York. *See Laufer v. 1110 W. Albany, LLC*, No. 119CV01324BKSML, 2020 WL 2309083, at *1 (N.D.N.Y. May 8, 2020) ("Including this action, and *Laufer v. Laxmi & Sons*, LLC, 1:19-cv-01501 (BKS/ML) (filed Dec. 4, 2019), Plaintiff has 29, nearly identical, cases pending against different defendants in the Northern District of New York."). Earlier this month in *Laufer v. 1110 W. Albany,*

---

[1] *See Laufer v. Khushbu Investment LLC*, 6:20-cv-00383-ADA-JCM; *Laufer v. Temple Econo Lodge Inc.*, 6:20-cv-00384-ADA-JCM; *Laufer v. J&J Executive Suites LLC*, 6:20-cv-00385-ADA-JCM; *Laufer v. Satishchandra Patel*, 6:20-cv-00386-ADA-JCM; *Laufer v. King's Inn*, 6:20-cv-00387-ADA-JCM; *Laufer v. Santha, Inc.*, 6:20-cv-00388-ADA-JCM; *Laufer v. Jayeshkumar B & Hemaben Patel*, 6:20-cv-00389-ADA-JCM; *Laufer v. Temple Joint Venture LLC*, 6:20-cv-00390-ADA-JCM; *Laufer v. Hitanshu & Rashmi Bhakta*, 6:20-cv-00391-ADA-JCM.

1

*LLC*, U.S. District Judge Brenda K. Sannes entered an order requiring Plaintiff to submit a brief in each of the 29 New York actions explaining why the complaint should not be dismissed for lack of subject matter jurisdiction. *Id*. The Court is of the opinion that a similar course of action is warranted with respect to Plaintiff's cases pending before the Waco Division.

It is axiomatic that federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Standing is an essential component of federal subject matter jurisdiction. *McCall v. Dretke,* 390 F.3d 358, 361 (5th Cir. 2004). To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) that is traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable decision of the district court. *Id.* The injury must be actual or imminent, not conjectural or hypothetical. *Id.* (internal quotations omitted). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 361-62.

The Court has serious concerns with Plaintiff's standing in each of the ten cases currently pending before it. For example, in the above-captioned matter, there are no facts alleged in Plaintiff's Complaint indicating that Plaintiff, a resident of Pasco County, Florida, has ever visited Defendant's hotel in Temple, TX. *See generally* Pl.'s Compl. Nothing in Plaintiff's Complaint evinces an intent to visit Defendant's hotel in the past or future, nor even a more general intent to visit Temple, TX. *Id.* Instead, Plaintiff seems to rely on her seemingly self-conferred status as a "tester" as a means of claiming standing. *See id.* at 2.[2]

---

[2] "Plaintiff is an advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." Pl.'s Compl. at 2.

2

Although it appears that the Fifth Circuit has yet to directly address the question of standing with respect to "testers," courts in the Western District have found "tester" plaintiffs can have standing in the ADA context. *See, e.g. Betancourt v. Ingram Park Mall, L.P.,* 735 F. Supp. 2d 587 (W.D. Tex. 2010). Nonetheless, in the context of ADA claims, most courts evaluate whether future injury is probable by determining whether the plaintiff is likely to return to the defendant's business. *Deutsch v. Abijaoude*, No. A-15-CV-975 LY, 2017 WL 913813, at *2 (W.D. Tex. Mar. 7, 2017). When analyzing a plaintiff's likelihood of return, courts usually consider:

> (1) the proximity of the defendant's business to the plaintiff's residence;
> (2) the plaintiff's past patronage of the defendant's business;
> (3) the definiteness of the plaintiff's plans to return; and
> (4) the plaintiff's frequency of travel near the defendant.

*Id.* at *2-3. As noted, Plaintiff's Complaint in the above-captioned matter is largely devoid of facts with respect to these factors.

Accordingly, the Court **ORDERS** Plaintiff to appear in the above action and respond to this Order with briefing of no more than ten (10) pages, addressing whether the Court has subject matter jurisdiction **by Monday, June 1, 2020.**

**IT IS FURTHER ORDERED** that the Clerk of the Court enters this order in each of the additional cases before the court: *Laufer v. Khushbu Investment LLC*, 6:20-cv-00383-ADA-JCM; *Laufer v. Temple Econo Lodge Inc.*, 6:20-cv-00384-ADA-JCM; *Laufer v. J&J Executive Suites LLC*, 6:20-cv-00385-ADA-JCM; *Laufer v. Satishchandra Patel*, 6:20-cv-00386-ADA-JCM; *Laufer v. King's Inn*, 6:20-cv-00387-ADA-JCM; *Laufer v. Santha, Inc.*, 6:20-cv-00388-ADA-JCM; *Laufer v. Jayeshkumar B & Hemaben Patel*, 6:20-cv-00389-ADA-JCM; *Laufer v. Temple Joint Venture LLC*, 6:20-cv-00390-ADA-JCM; *Laufer v. Hitanshu & Rashmi Bhakta*, 6:20-cv-00391-ADA-JCM. **IT IS FURTHER ORDERED** that Plaintiff appear in each of the previously

listed cases and respond to this Order with briefing of no more than ten (10) pages, addressing whether the Court has subject matter jurisdiction in each of Plaintiff's cases **by Monday, June 1, 2020.** Failure to comply with this Order in a timely manner may result in issuance of an appropriate sanction and/or dismissal.

**SIGNED** this 19th day of May, 2020**.**

**THE HONORABLE JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**

4