| | | |
|---|---|---|
| DEBORAH LAUFER, Individually, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. 6:20-CV-00389 |
| V. | § | |
| | § | |
| | § | |
| BSJ LAXMI LLC, | § | |
| JAYESHKUMAR B & HEMABEN PATEL | § | |
| | § | |
| Defendants | § | |
| | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12 (b)(1)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now BSJ Laxmi, LLC, Defendant and makes this its Reply to Plaintiff's Response to Motion To Dismiss and for same shows the Court as follows:

## I.
## BACKGROUND

1.01    As previously noted in Defendant's Motion To Dismiss, the Plaintiff has filed 503 separate lawsuits[1] making substantially the same claims against hotels and motels across the United States. She has filed at least 25 separate lawsuits in the Western District of Texas. *See Defendant's Motion to Dismiss*, Exhibits C and D.

1.02    One of the 25 lawsuits filed in the Western District of Texas is a lawsuit styled *Deborah Laufer* v. *Mann Hospitality, LLC*, Cause No. A-20-CV-00620-JRN, pending before the

---

[1]Since then, the Plaintiff has filed 3 more lawsuits, 2 in Georgia and one in Illinois.

Honorable James Nowlin in the Western District of Texas, Austin Division. The claims made by the Plaintiff in that case are substantially the same as the claims made by Plaintiff in this case. In that case, the defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6), the bases of which are substantially the same as the Defendant's Motion to Dismiss in this case. This Court can take judicial notice of the party's filings in the *Mann Hospitality* case pursuant to Federal Rule of Evidence, Rule 201(b)(2).

## II.
## THE COURT GRANTED THE DEFENDANT'S MOTION IN *MANN HOSPITALITY*

2.01    Subsequent to the filing of Defendant's Motion to Dismiss in this case, the Honorable Judge James R. Nowlin granted the defendant's Motion in *Mann Hospitality*. A true and correct copy of the Order Granting the Motion to Dismiss is attached hereto as Exhibit A. If a case was ever on all "4's," then the *Mann Hospitality* case is on all "4's" with this case because this case involves substantially the same allegations, the same Plaintiff and defendants who occupy the same positions.

2.02    In *Mann Hospitality* the Court reviewed the facts, which are substantially the same as the facts in this case,[2] and then focused on whether the Plaintiff had standing to bring the claims against the defendant. *See* Exhibit A at *6. Like the Defendant in this case, the defendant in *Mann Hospitality* argued that the Plaintiff had failed to allege a particularized injury in order to establish standing. *See* Exhibit A at *7. The Court cited *Rizzi v. Hilton Domestic Operating Company, Inc,* 2019 WL 5874327 (E.D.N.Y. July 18, 2019) and quoted the holding of that court in a similar case: "[I]n short, a plaintiff who does not allege a personal encounter with conditions in violation of the ADA has failed to allege a direct injury." *Id* at 5. Judge Nowlin found that the Plaintiff's responses

---

[2]    The Statements of the Plaintiff in both cases in support of her Responses to the Motions to Dismiss are identical except with respect to the identity and location of the 2 Defendants.

to that argument "do not overcome decades of Federal law requiring a concrete and particularized injury to establish standing." *Id.*

2.03    The Court, citing *Deutcsh v. Abijaoude*, 2017 WL 913813 (W.D.T.X 2017), then focused on the factors that a court should consider in deciding whether a Plaintiff was likely to return.  The 4 factors are:

1.    The proximity of a defendant's business to the plaintiff's residence;

2.    The plaintiff's past patronage of the defendant's business;

3.     The definiteness of the plaintiff's plan's to return; and

4.    The plaintiff's frequency of travel near the Defendant.

The Court further noted that it must judge the likelihood of return at the time suit was filed, and that post suit attempts to bolster standing cannot help. *See* Exhibit A at *8. The Court observed that the Plaintiff's residence was over 1060 miles from the defendant's business, the Plaintiff never claimed to have visited the defendant's business before and didn't provide any evidence suggesting that she visits the location of the hotel frequently.

2.04    The Court then quoted a statement from *Deutcsh* that "finding standing where the Plaintiff 'ha[d] a pattern of suing randomly selected businesses with which [he] had little or no prior relationship, and no plans of creating one in the future, would be to stretch the notion of standing past the breaking point.'" *Id* at *8-9.  The Court further noted that the Plaintiff and her attorney's sole intent was to "bully the defendant into handing over as much money as possible, completely without a relationship with the business." *Id.* at *9. Thus, Judge Nowlin found that the Plaintiff failed to establish standing.

# III
## CONCLUSION

3.01    Judge Nowlin concluded that Plaintiff Loufer had failed to demonstrate an actual injury that is not merely "conjectural or hypothetical" or that she had concrete plans to patronize the business in the future. The Court therefore held the Plaintiff had no standing and that the case should be dismissed. The Court's holding in *Mann Hospitality* is directly applicable to this case–as previously noted, the facts are the same, the Plaintiff is the same and the defendants occupy substantially the same position vis-a-vie the Plaintiff. Specifically, the defendants are hotels that the Plaintiff has never visited or contacted but only investigated online. The Plaintiff lacks standing in this case as well.

3.02    The Court finally held that whenever any suit or action is dismissed in any District court for want of jurisdiction, the trial court may order the payment of just costs. *See* 20 U.S.C §1919. The court in *Mann Hospitality* found that it was appropriate that the Defendant be awarded its attorney fees and costs. Exhibit A at *9. The Defendant in this case also requests that it be awarded its attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, the BSJ LAXMI LLC prays that this Court grant its Motion to Dismiss Pursuant to Rule 12(b)(1) and award it its attorneys fees pursuant to 28 U.S.C § 1919. The Defendant prays for such other and further relieve to which it may show itself justly entitled.

Respectfully submitted,

**JACOBSON LAW FIRM**

733 West Second Avenue

Corsicana, Texas 75110

(903) 874-7117

Fax: (903) 874-7321

Terry@terryjacobsonlaw.com


By: /s/ Terry Jacobson

Terry Jacobson

State Bar No. 10528000


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on counsel of record this 26th day of October, 2020.

/s/ Terry Jacobson

Terry Jacobson