UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

DEBORAH LAUFER,
    Plaintiff,

v.                                                      Case No: 6:20-cv-389

BSJ LAXMI, LLC,
    Defendant.

### PLAINTIFF'S RESPONSE TO SUPPLEMENTAL AUTHORITY

Plaintiff, by and through undersigned counsel, hereby response to the supplemental authority filed by Defendant at DE 20 in its Reply.

**I.    Laufer v. Mann Hospitality Is Fundamentally Flawed**

Defendant's reliance on *Laufer v. Mann Hospitality, LLC*, 1:20-cv-620-JRN, DE 15 (W.D. Tex. 9/30/20), is unavailing because the *Mann* decision is fundamentally flawed in every respect. *Mann* was appealed to the United States Court Of Appeals For the Fifth Circuit, no 20–50858, and Plaintiff is confident that the *Mann* decision will be reversed.

    **A.    Mann Improperly Denied Standing**

Although the *Mann* decision is 10 pages long, it dedicates only a small portion of its opinion to the basis of its holding. Much of the opinion is dedicated to the standards under Fed. R. Civ. P. 12 and restating and describing the arguments of the plaintiff and defendant. Indeed, its actual rationale and holding does not begin until p. 8, where it states that Plaintiff lives too far away from Defendant's physical hotel and does not provide any evidence suggesting any future plans to visit that hotel or the area surrounding the hotel, or that it did not believe she would visit the area.

1

First, when it held that the Plaintiff had presented no evidence, it apparently overlooked her affidavit indicating her intent to travel to Texas. In the alternative, it made an improper credibility determination in violation of the standards governing Fed. R. 12(b)(1), 12(b)(6) and 56. Where issues of fact are central to both subject matter jurisdiction and a claim on the merits, a district court must assume jurisdiction and proceed to the merits. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149-50 (5th Cir. 2004). "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Id.*, quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).

The *Mann* Court ignored these standards.

Second, the *Mann* Court completely ignored the rules of statutory construction, the plain and unambiguous language of the statute and regulation, applicable Supreme Court precedent (including *Spokeo*, *Havens Realty*, *Akins*), the slew of decisions by Circuit Courts around the country recognizing informational injury, the slew of decisions within the Fifth Circuit recognizing informational injury, and the overwhelming weight of authority recognizing online reservation system injury. Despite these authorities being cited in Plaintiff's brief, the *Mann* Court's opinion does not reflect that the Court ever read or considered them. Indeed, *Mann*'s analysis is completely at odds with these authorities with no explanation or analysis as to why it departed from or declined to follow them.

For the reasons cited in Plaintiff's briefing previously filed in this case, Plaintiff has a cause of action and suffered injury in fact when she was deprived the information Defendant's

hotel was legally obligated to provide her. Under ample precedent, nothing additional is required and a court cannot judicially insert any additional requirements or language into the statute. The *Mann* Court violated this principle by adding its own requirement and essentially re-wrote the statute to suit its preferences. Second, this Court cannot, as did *Mann*, make a credibility determination.

With respect to its point that Plaintiff lives too far away from the hotel, the *Mann* court relied entirely on cases involving physical property violations, where the plaintiff had encountered discrimination at the physical property and would only encounter it again by revisiting the physical property. In this respect, the Mann Court demonstrated a complete misunderstanding of the nature and locus of an injury involving online reservation or website discrimination and also overlooked that the entire nature and purpose of hotels is to serve customers traveling from afar. See, e.g. *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. Lexis 209202, *30 (S.D.N.Y. 2019)(cases involving physical property discrimination are inapposite to website cases); *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790 *6 (M.D. Fla. 2020)(distance factor irrelevant because hotels cater to travelers from afar).

The only website case cited by the *Mann* Court was *Rizzi v. Hilton Domestic Operating Co., Inc.*, No. CV 18-1127, 2019 WL 5874327 (E.D.N.Y. July 18, 2019) as standing for the point that a plaintiff did not have standing for website discrimination where he did not intend to visit the hotel. That is not what the Rizzi decision stood for. In *Rizzi*, the plaintiff had visited and sued over Hilton Hotel corporate websites that contained information relevant to job information, investment and hotel development: NOT reservations. In other words, the only websites identified by the plaintiff had nothing to do with reservations. It did not stand for the proposition

3

described by the *Mann* Court.

B.     *Mann* **Improperly Held That Defendant Was Entitled To Attorney Fees**

The *Mann* Court's flagrant disregard for the applicable law is further evidenced by its award of attorney fees to the defendant. In this regard, the defendant had done nothing more than include a request for attorneys fees as part of its boilerplate request for other relief. The defendant had not submitted any briefing or authorities explaining its entitlement to attorney fees. Nonetheless, the *Mann* Court held that the defendant was entitled to their attorney fee s pursuant to 28 U.S.C. Section 1919.  Again, the *Mann* Court demonstrated an incapability of understanding a statute.

1.     **28 U.S.C. Section 1919 Does Not Provide For Attorney Fees**

28 U.S.C. Section 1919 provides: "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." This section does not provide for an award of attorney fees. Compare and contrast this section with 42 U.S.C. Section 12205, which provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs...

By inclusion of "attorney's fees... and costs" in 12205, but referencing only "costs" in Section 1919, it is clear that Congress intended that Section 1919 to exclude attorney fees.

> "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."

*INS v. Cardoza—Fonseca*, 480 U.S. 421, 432 (1987). Indeed, several courts have held that

Section 1919 excludes any entitlement to attorney fees. See *Wilkinson v. D.M. Weatherly Co.,* 655 F.2d 47, (5th Cir. 1981)(Section 1919 does not allow for attorney fees); *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 122 (2d Cir. 2013); *Deutsch v. Abijaoude*, 2017 U.S. Dist. 31934, **14-15 (W.D. Tex. 2017)(discussing the difference between attorneys fees awardable pursuant to Section 12205 and costs awardable under Section 1919).

Indeed, "Costs" are expressly defined at 28 U.S.C. Section 1920, and limited to such things as clerk and marshal fees, transcript printing witness fees, exemplification, docket fees and compensation of court appointed witnesses. This list does not include any reference to "attorney fees".

As such 28 U.S.C. Section 1919 would, at most, entitle Defendant to only costs, and not attorney fees. Once again, the *Mann* Court misread the plain and unambiguous words of a statute and re-wrote its terms and contradicted the binding precedent set forth in its own Circuit.

**C.    Defendant Is Not Entitled To Attorneys Fees**

Defendant argues that it is entitled to its attorney fees pursuant to 42 U.S.C. Section 12205.

Even if this Court grants dismissal based on jurisdictional grounds, the requirements for such an award under 42 U.S.C. Section 12205 have not been met.

First, this Section only provides for an award of fees to the "prevailing party". The Supreme Court had defined "prevailing party" in civil rights contexts in *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 603-04 (2002). This requires that such a party had obtained either an enforceable judgment or court ordered consent decree. *Id*. Courts have held that dismissal for lack of standing to sue fails to meet this

5

threshold requirement. See *Access 4 All, Inc. v. Partners Of Kings Point, Ltd.*, 10-80779, DE 91 (S.D. Fla. 3/8/2012), Exhibit B attached hereto, (dismissal for lack of standing does not make defendant "prevailing party"): *National Alliance For Accessibility, Inc. And Denise Payne v. Bhuna Corp.*, Case No. 1:11-cv-79, DE 34 (W.D. N.C. April 10, 2012), Exhibit C attached hereto (same); *Jeffrey Joel Judy v. Pingue*, Case No. 2:08-cv-859, DE 42, p. 9 fn. 1 (S.D. Oh. Nov. 25, 2009), Exhibit D attached hereto (denying fees to defendant after dismissing case for lack of standing). At least one court in this District applied this analogy in holding that dismissal for lack of standing in an ADA case did not entitle the defendant to attorney fees because it was not a determination on the merits. *Deutsch*, 2017 U.S. Dist. Lexis 31934**14-15.

Under Fed. R. Civ. P. 41(b), a dismissal for lack of jurisdiction is NOT an adjudication on the merits.

Even if Defendant were found to be the "prevailing party" it still is not entitled to fees. In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), the Supreme Court held that for a plaintiff to be liable under this Section, his or her action must have been "'unfounded, meritless, frivolous or vexatiously brought[]'", or "where the action brought is found to be unreasonable, frivolous, meritless or vexatious." The Court stated that:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id*. at 421-22.

"[T]o determine whether a [plaintiff's] suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether 'the claim was ultimately successful.'" *Stover v. Hattiesburg Pub. Sch. Dist* ., 549 F.3d 985, 997-98 (5th Cir. 2008) (citing *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir.1981))

As stated above and as referenced in Plaintiff's previously filed Brief, Plaintiff has ample statutory, regulatory and case law in support of her standing. Indeed, the plain language of the statute and regulation impose a legal obligation on Defendant's part to provide certain information about its hotel's accessibility to the Plaintiff. This is recognized as injury under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) and a slew of Circuits[1] and numerous courts within this Circuit[2], a plaintiff suffers injury

---

[1]Numerous Circuit Courts have followed *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) in recognizing informational injury. *Ragin v. Harry Maclowe Real Estate* Co., 6 F.3d 898, 904 (2nd Cir. 1993)(black testers had standing to sue over discriminatory advertisement even though they had no intention of renting apartment); *Bensman v. United States Forest Serv.*, 408 F.3d 945, 955-57 (7th Cir. 2005)(surveying cases and statutes where informational injury is recognized and actionable); *Watts v. Boyd Properties*, 758 F.2d 1482 (11th Cir. 1985)(tester who had no intention of renting apartment had standing to sue for receiving misleading information from defendant about apartment availability); *Carter v. Welles-Bowen Realty, Inc.* 553 F.3d 979, 989 (6th Cir. 2009)(discussing informational injury); *Wilderness Soc'y v. Rey*, 622 F.3d 1251, 1258-60 (9th Cir. 2010)(discussing informational injury); *Tandy v. City of Wichita*, 380 F3d 1277, 1290 (10th Cir. 2004)(Title II ADA tester has standing to sue for failure to provide required information); *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (3rd Cir. 2016)(recognizing intangible harm as including unlawful denial of access to information subject to disclosure). See also *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830 (7th Cir. 2019)(informational injury occurs when the defendant refuses to provide the plaintiff with information that a law...entitles him to obtain and review for some substantive purpose.")

[2]See *Landrum v. Blackbird Enters., LLC*, 214 F.Supp.3d 566, 570 (S.D. Tex. 2016)(citing *Havens Realty* in stating that the "failure to provide information in accordance with a statute could constitute concrete injury."). In *Dyson v. Sky Chefs, Inc.*, 2017 U.S. Dist. Lexis 92637, *10-11 (N. D. Tx. 2017), one court note that: "The Supreme Court has held that a 'plaintiff suffers

in fact and has a cognizable action if the defendant fails to provide them with information that is required by law. Therefore, Plaintiff's claims are not unfounded, meritless, frivolous, unreasonable or vexatious as required by *Christiansburg*.

In short, Defendant has established no basis for its entitlement to attorney fees, and the *Mann* decision is so fundamentally flawed in every interpretation of the law that it should not be followed.

## II.     Conclusion

For the foregoing reasons, the Mann decision is so fundamentally flawed that it should not be followed.

Respectfully submitted,

*/s/ Tristan W. Gillespie*
Tristan W. Gillespie

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com

---

an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.'" citing *LaFollette v RoBal, Inc.*, 2017 U.S. Dist. LEXIS 47144, (N.D. Ga. 2017) (quoting *FEC v. Akins*, 524 U.S. 11, 21 (1998)). In *Treece v. Perrier Condo. Owners Ass'n*, 2020 U.S. Dist. LEXIS 26511, *11 (E.D. La. 2020), a court followed *Havens Realty* in holding that it was not necessary for a plaintiff to apply to rent an apartment to suffer injury regarding his statutory right to truthful information.  See also *Moore v. Radian Group*, 233 F.Supp.2d 819 (E.D. Tx. 2002)(infringement of right to truthful information is cognizable injury).